**Jagdeep MADAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71646.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2006.

Filed Dec. 22, 2006.

Robert B. Jobe, Esq., Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Paul Fiorino, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BRUNETTI, O'SCANNLAIN, and TROTT, Circuit Judges.

## MEMORANDUM *

Jagdeep Madan ("Madan"), a citizen of India, petitions for review of a decision issued by the Board of Immigration Appeals ("BIA"). In that decision the BIA affirmed an Immigration Judge's ("IJ") determination that Madan was not entitled to asylum (8 U.S.C. § 1158), withholding of removal (8 U.S.C. § 1231(b)(3)), or relief under the Convention Against Torture. Specifically, the BIA upheld the IJ's conclusion that Madan was not entitled to relief because (i) he was not credible, and (ii) even if credible, he failed to prove persecution "on account of" a protected ground.

The IJ's finding that Madan was not credible was supported by substantial evidence. *See Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). As the IJ noted, Madan stated he was "mercilessly" beaten by local police on at least three separate occasions. And yet Madan never sought or received any formal medical treatment for

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

any of these alleged beatings. This single observation is sufficient to sustain the IJ's determination. *Cf. Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004) (conduct inconsistent with persecution is sufficient to support adverse credibility finding).

Moreover, the IJ's determination that Madan did not prove his persecution was "on account of" a protected ground is also supported by substantial evidence. *See Kozulin v. INS,* 218 F.3d 1112, 1116–17 (9th Cir.2000). Madan repeatedly asserted, in both his declaration and his testimony, that his beatings were in fact motivated by money. In this circuit extortion alone cannot satisfy the "on account of" requirement. *See Borja v. INS,* 175 F.3d 732, 736–37 (9th Cir.1999) (explaining that "extortion plus" is necessary to satisfy nexus requirement).

As such, Madan's petition for review is: **DENIED.**